No. 52320

78,589-02

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 09 2015

Abel Acosta, Clerk

ALBERT RAY MASON

V.

STATE OF TEXAS

MOTION DENIED
DATE: 2-18-15
BY: PC

---

MOTION REQUESTING ADMITTANCE
TO FILE SUPPLEMENTAL STATEMENT
OF FACTS IN SUPPORT OF APPLICANT'S
WRIT OF HABEAS CORPUS 11.07 § 4

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL
APPEALS:

COMES now, Albert Ray Mason, applicant, and files
this MOTION REQUESTING ADMITTANCE TO FILE SUPPLE-
MENTAL STATEMENT OF FACTS IN support of his writ

of Habeas Corpus 11.07 § 4 respectfully. Seeking with sincere intent to present clarification to ambiguity within his writ of habeas corpus. And, to present factual evidence (exhibit documents) in support of his claims as substantiation to prove his innocence.

Applicant's request is based upon the fact that the evidence he now intends to present, has not been available to him up until now. Having been withheld from him by his Court appointed counsel.

WHEREFORE. Applicant prays this court grant this Motion, allowing him to admit this Statement of facts in his own behalf. As a supplement in support of his Writ of habeas Corpus 11.07 § 4.

Albert Ray Moss
Applicant Pro Se
Texas Department of Criminal Justice Huntsville Unit
TDCJ-ID# 1713150
Huntsville, Texas 77348

Cause No. 52320

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

Ex Parte
Albert Ray Mason
Applicant Pro Se

SUPPLEMENTAL STATEMENT OF FACTS IN
SUPPORT OF WRIT OF HABEAS 11.07 § 4

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Albert Ray Mason, applicant Pro Se, herein and files this Supplemental Statement of facts, in support of his writ claims, and further clarifying his grounds. And would show this Honorable court the following, through factual based evidence with Authorities.

I.

Applicant [Mason] claims actual innocence with this writ of habeas Corpus; by presentation

of factual based evidence, to show that he did not actually commit the crime for which he has been charged in cause no. 52320 (Aggravated Sexual Assault). Applicant [Mason] also contends he is suffering from both collateral and direct consequences of his "unlawful" felony conviction in this cause. Mason is now subject to life-long registration requirement as a "sex offender." And although this applicant [Mason] does not establish that his present confinement is the result of conviction in that court, cause no. 52320. Yet in accordance with Article 11.07 § 4. Applicant is able to show by preponderance of factual evidence. (exhibits) but for the violations of his Constitutional Rights, no rational juror could have found this applicant guilty beyond a reasonable doubt.

Applicant [Albert Ray Mason] is not collaterally attacking his present confinement. Although applicant remains confined (presently) in the Texas Department of Criminal Justice. Applicant is correctly challenging the validity of his initial conviction. and, the fact that his prior discharged conviction has placed him under sanction of subsequent

Collateral consequences unlawfully. Ex Parte Ormsby 676 S.W 2d 130, 131 (Tex. Crim. App 1984) Anderson V. State. 182 S.W. 3d (Tex. Crim. App. 2006).

In Ex Parte Harrington S.W. 3d. 2010 WL 207, 7159 (Tex. Crim. App. 2010). the Court held that "confinement means confinement for any offense or collateral consequence resulting from the conviction that is the basis of the instant habeas Corpus." Thus the showing of a collateral consequence. without more. is (now) sufficient to establish confinement. So as to trigger application of 11.07 §4. However as defined by the Tex. Code. Crim. Proc. (Subsequent applications) to which this applicant submits cause at this time: Albert Ray Mason forthrightly alleges current claims and issues that could not have been presented in an original application. [Namely Mason's original writ of habeas Corpus 11.07 application].

These are listed as follows: (1) Due Process Violations resulting from acts of Official Oppression via Sedition. (2) Actual innocence and DNA testing results, along with and supported by official Court documents presented as evidence. To support Mason's claim.

Applicant [Mason] has discharged his sentence for cause no. 52320. Yet, the Court has held that "mootness cannot prohibit a collateral attack if prior discharged convictions may have collateral consequences."

## II.

Applicant [Mason] contends that his Constitutional Rights have been egregiously violated, under the due process clauses of the V and XIV Amendments of the United States Constitution. [Mason] would show the court factual evidence [Exhibits] to support his Prima facie claim of actual innocence, in order to satisfy the requirements of Art. 11.07, Section 4 (a)(2) as well as additional evidence [Exhibits] to prove that he has been denied due process, and that there is lack of DNA evidence to support and substantiate the State's unlawful conviction.

## 1.

Due Process Violation - Pseudo name variance with actual name. Prosecution allowed [Mason] to be indicted with an indictment using a Pseudo or fictitious name "Mary Jane" when

the Prosecution was fully aware of the victims true and correct name. Thereby creating a "Fatal Variance." The indictment was essentially made void. by the reluctance of the Prosecution to use the victims true and correct name. listed in the Police offense report. Mason has been unlawfully indicted via Conspiracy and acts of Official Oppression as defined within Tex. Pen. Code art § 39.03 By use of Spoliation and invidious discrimination. Applicant [Mason] has been denied due Process of law. Applicant now seeks to collaterally attack the unlawful conviction he has recieved in Cause no. 52320. when his lawyers timely Motion to Quash indictment (See Exhibit 2B) was denied. essentially preventing Applicant Mason a Cause from being Properly examined and the flawed indictment being exposed. Allowing him to recieve a dismissal in cause No. 52320. Also [Mason] attacks via the MOTION TO DISCOVER THE NAME OF THE COMPLAINING WITNESS (Exhibit 1A) and (Exhibit 1B) MOTION FOR CONTINUACE. Presenting (exhibit 1) as well. the Grand Jury foremans Signed indictment in Cause No. 52320.

## 2.

Due Process Violation - fatal variance between the allegations with the indictment and the proof as offered by the State. Applicant [Mason] contends that evidence within his indictment is insufficient to support a judgement of conviction. As penetration of a girl's female sexual organ V.T.C.A Penal Code 22.021 and 22.021 (A)(1)(B) as defined under law. Pertains exclusively to a underaged child victim. When in fact Applicant [Mason's] victim was a full grown 23 year old adult female. (See exhibit 2D) [Mason] now seeks redress via collateral attack based his MOTION TO QUASH INDICTMENT (Exhibit 2B) and MOTION FOR INSTRUCTED VERDICT. newly discovered evidence that has been unlawfully and wrongly withheld. by both the Prosecution and his Court appointed Counsel. Further, may it be noted Applicant [Mason's] Counsel had filed a timely MOTION TO QUASH INDICTMENT (Ex 2B) and MOTION FOR INSTRUCTED VERDICT (Ex 2A). Also refer to the Jefferson County Regional Crime Labratory Report. (exhibit 2C) which supports this applicant's prima facie claim of actual innocence. Applicant [Mason] does not have a affirmative finding of a weapon. nor use of phy-

sical force or violence. And this will be supported by examining (exhibit 2C Lab Report). Circumstantial evidence is insufficient to establish that this applicant [Mason] has in fact committed the act of Sexual Assault being defined by the Court as "Aggravated." Yet without the most essential and pertinent elements.

## 3

Further. Applicant [Mason] establishes due Process violation claims on the fact that both his U.S. Constitutional and Texas Constitutionally Protected rights have been egregiously violated. (U.S. Const. Amendments V and XIV and Tex. Const art. 1 §29. Via conspiracy. and Wanton acts of Official Oppression. in violation of due course of law. Applicant [Mason] has been subjected to biased and Prejudice by the Court's failure to uphold its ministerial duties in Cause No. 52320.

§ 5-14 Defendant's Competency
" Although competence is most often raised by the defense. the Prosecution has a vital stake in ensuring that a Proper record is made on

this issue. It is a violation of due process to convict an incompetent defendant.

Applicant [Mason] contends that he has been denied due process in accordance with Constitutional law. After having been denied a competency evaluation by the court. In order to make a affirmatively adequate estimation of his mental health; both at the time of the commision of the offense and at (during) trial. As well as before his trial. Applicant [Mason] presents to this Court, original documentary evidence (exhibits 3A, 3B, 3C) to substantiate his claim of factual incompetence.

Since such errors result in reversal unless harmless beyond reasonable doubt, it is imperative that proper procedures be followed, there may be occasions (as this one) which the prosecution should raise the issue of defendant's competence, acting in the interest of preserving justice and to protect due process. As a court must not accept a guilty plea from an individual that is mentally incompetent. Failure to investigate competency is prejudicial.

The State failed in its duty to acknowledge Mason's mental health deficiencies, by failing to properly investigate the mental health of Applicant in cause no. 58320. Albert Ray Mason has a verifiable record to show that his IQ of 77 is exceptionally low (see exhibit 3B)

Applicant [Mason] who is unable to adequately read, and therby comprehend, was particularly suscept-ible to the influence of the State's Prosecution. Who being fully aware that he was unable to effect-ively assist his attorney, maliciously pursued his conviction in this said cause.

## 4.

Due Process Violation (malicious Prosecution of Criminal Proceedings) in violation of Texas Constit-ution art. 1 § 19 (and 1 § 29. Also the United States Constitutional Amendments V and XIV. Applicant [Mason] who is illiterate contends that he has been unlawfully denied his right to due process by the Court's failure to properly investigate cause no. 52320, in order to obtain (secure) relevant, pert-inent and most essential evidence in this cause. Namely, true name of the victim.

Applicant [Mason] presents (exhibits 3A and 3B) respectfully; to show this court that such essen-tial exculpatory evidence was available to the State Prosecutor at the time cause no. 52320 was on docket and essentially at trial. Yet, due to Prosecutions failure to perform his fiduciary mininsterial duty, Mason was in fact indicted

on a ficticious name. That (although eventually changed) was used as a tool to create ambiguity and confusion, as a tool (instrument) of spoliation used to create duress as a form of Psychological coercion. An independant and honorable Judiciary is indispesible to justice in our society. As a Prosecutor is required by law to Provide essential information, and must not Provide false, misleading or incomplete information.

Applicant, [Mason] contends that his return indictment with the true name of his victim [Nathlee Elaine Carrier] was Produced due to the influence of malice. Thereby constructively constituting "Malicious Prosecution" in this criminal cause.

## 5.

Due Process Violation of the United States Constitutions V and XIV Amendments under Ex Post Facto and Equal Protection clauses.

Applicant [Albert Ray Mason] contends that without fair warning as defined within the due Process clauses of the United States Constitution. and, because of unforeseeable and retroactive Judicial expansion of the State; this applicant has been unable to adequ-

ately protect his Constitutional rights in Court. [Mason] who is illiterate is not a person of average or ordinary intelligence, and was unable to effectively assist his court appointed Counsel in this cause. Has suffered a significant deprivation of his due process rights without the benefit of knowledgeable understanding that he could or possibly would incur the direct consequence of registration as a Sex offender. By the Court's failure to admonish (duly inform) applicant [Mason] has been prejudiced against in Cause no. 52320 and effected (retroactively) in a way that created a significant deprivation of his Constitutionally protected rights. Thereby infringing upon his liberty interest. This being denial of due Process. Also an effective breach of his Plea agreement contract as well.

"A Plea bargain is contractual in nature and Constitutional right to fairness may mandate enforcement of the bargain where accused has detrimentally relied on a Prosecutors Promise, even if the classic elements of Contract law are not satisfied."

Criminal Law ⚖ 273.1(2) Generally a plea of guilt entered as a result of a Plea bargain must be made by one fully aware of the direct consequences, including the direct value of any commitments.

Applicant [Mason] has forthrightly and respectfully presented here, factual based evidence (exhibits) as well as authorities of law within this statement of facts presented here to the Court wherefore, Premises considered and for the reasons outlined within this statement, Applicant prays that the States (Criminal Court of Appeals) find his guilty plea invalid. Based on the factual evidence presented herein, and thereby reverse his conviction for cause no. 52320; allowing him to be release from the Texas Department of Criminal Justices Institutional Division.

## SWORN DECLARATION STATEMENT

I Albert Ray Mason Pro Se applicant, do hereby declare under the penalty of perjury that the foregoing statements of fact made herein, in support of my application for writ of habeas corpus 11.07 § 4 is true and correct to the best of my knowledge and belief.

Executed on this __2__ Day of __5__ 2015

Exhibit 1

NO Good
52320⁴

5-2589
52248

FILMED

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS for the County of Jefferson, State aforesaid, duly organized as such at the April Term, A. D., 1989, of the 252nd District Court of Jefferson County, in said County and State, upon oath in said Court present that ALBERT RAY MASON hereafter styled the Defendant, on or about the 8th day of April, One Thousand Nine Hundred and Eighty-Eight, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, did then and there sexually assault NATHLEE E. CARRIER, a person not the spouse of the Defendant and hereafter styled the Complainant, by intentionally and knowingly causing the penetration of the vagina of the Complainant by inserting his finger, without the consent of the Complainant, and the Defendant compelled the Complainant to submit to such sexual assault by the use of physical force and violence and by threatening Complainant with the use of force and violence against Complainant; and, by acts and words the Defendant placed the Complainant in fear that serious bodily injury would be imminently inflicted on the Complainant,

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court, at said term, that before the commission of the primary offense, the Defendant was finally convicted of the felony of Burglary of a Building with Intent to Commit Theft on July 10, 1987, in Cause No. 474834, in the 339th District Court of Harris County, Texas,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

FILMED

FILMED

THE STATE OF TEXAS, }
 County of Jefferson }

I, ................................................................., Clerk of the District Court in and for said County and State, do

hereby certify that the foregoing is a true and correct copy of the original Bill of Indictment filed in my

office on the ............................ day of ........................................................19................

IN TESTIMONY WHEREOF, I hereunto set my hand and official seal this

the............................day of........................................................19................

................................................................................
District Clerk.

By............................................................................Deputy.

---

52320

(276)(DA #46232)

**THE STATE OF TEXAS**

ALBERT RAY MASON
(BMJ)(-9-21-6-7)

vs.

**OFFENSE**

AGGRAVATED SEXUAL ASSAULT

(Sec. 22.011(a)(1)(A)

& Sec. 22.021 (a)(2).

& A REPEAT FELONY OFFENDER

A RE-INDICTMENT FROM #52249

**A TRUE BILL**

Foreman of the Grand Jury.

Filed the ................................ da....

........................, 19....

Clerk of the District Court,
Jefferson County, Texas.

By ........................................................

Amount of Bail, $ ........................ Deputy

NAME OF WITNESSES

Exhibit 1A

NO. 50955

THE STATE OF TEXAS

VS.

ALBERT LEE MASON

IN THE 252ND DISTRICT

COURT OF

JEFFERSON COUNTY, TEXAS

### MOTION TO DISCOVER THE NAME OF THE COMPLAINING WITNESS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above styled and numbered cause and moves the Court to order the prosecution to disclose the true and correct name of the complaining witness in this cause and in support thereof would show the Court as follows:

I.

The indictment in this cause uses the pseudonym "Mary Jane" for the name of the complaining witness. Article 57.02 (d) Code of Criminal Procedure requires disclosure of the true and correct name of the complaining witness to the Defendant and the Defendant's attorney.

II.

The denial of the true and correct name of the complaining witness to the Defendant and his appointed attorney would deny the Defendant proper notice of the offense for which he is charged and effective representation by his appointed attorney.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays this motion be granted and the prosecution be ordered to inform the

Defendant and his attorney the true and correct name of the complaining witness.

Respectfully submitted,

FILED FOR RECORD

at 1:00 o'clock P. M.

MAY 2 1989

JOHN S. APPLEMAN, CLERK,
District Courts of Jefferson County, Texas

By _____ Deputy

_B. Warren Goodson_

B. WARREN GOODSON, JR.
P. O. Box 7155
Beaumont, TX 77726
(409) 898-3423
TBL 08169500

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Motion was delivered to the office of the District Attorney of Jefferson County, Texas, on the 2nd day of _May_ . 1989.

_B. Warren Goodson_

B. WARREN GOODSON, JR.

## O R D E R

On this the 2 day of _May_ , 1989, came on to be heard the Defendant's Motion and the Court finds that said Motion is hereby (GRANTED in all things) (~~DENIED to which action of the Court the Defendant duly excepts~~).

SIGNED this the 2 day of _May_ , 1989.

_[signature]_

JUDGE PRESIDING

Exhibit 13

NO. 50955

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 252ND DISTRICT |
| VS. | * | COURT OF |
| ALBERT MASON | * | JEFFERSON COUNTY, TEXAS |

MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant in the above styled and numbered cause and files this his Motion for Continuance requesting the Court continue this cause from its present trial setting of May 3, 1989, until a future date for the following reasons:

I.

The Defendant in this cause is charged with aggravated sexual assault in Cause No. 50954 and Cause No. 50955. The indictments in each cause allege different dates of offense, different complaining witnesses and different means of vaginal penetration. The above different factors of each case require separate preparation of defense.

The counsel for the Defendant rightfully presumed the two cases would be prosecuted in numerical order. On May 1, 1989, two days prior to the beginning of trial, the prosecutor in this cause by hand delivered letter notified the counsel for the Defendant of the state's intention to prosecute the two cases out of numerical order. That is, the state intends to prosecute Cause No. 50955 prior to the prosecution of Cause No. 50954. The trial of these causes out of numerical order would be unfairly advantageous to the state and be detrimental for the defense.

## II.

The Indictment in Cause No. 50955 identifies the complaining witness only by pseudonym. The true name of the complaining witness was confirmed by the prosecutor on May 2, 1989, one day prior to trial. The Defendant contends more time is needed to investigate the character and background of the complaining witness in Cause No. 50955.

## III.

This motion is made not for delay but that justice be done.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court enter an order delaying this case from its present setting of May 3, 1989, to a future date.

Respectfully submitted,

B. WARREN GOODSON, JR.
P. O. Drawer 12530
Beaumont, TX 77726
(409) 898-3423
TBL 08169500

ATTORNEY FOR DEFENDANT

THE STATE OF TEXAS                    *

COUNTY OF JEFFERSON                    *

BEFORE ME, the undersigned authority, personally appeared B. Warren Goodson, Jr., Counsel for Defendant, who upon oath deposes and says he is Counsel of Record for the Defendant herein and as such is fully capable, authorized, competent and qualified to make this affidavit; that he executed the same for, and on behalf of said Defendant for all purposes, and states that the statements herein contained are true and correct to the best of his knowledge.

———————————————————
B. WARREN GOODSON, JR.

SUBSCRIBED AND SWORN TO before me by the said B. Warren Goodson, Jr., Counsel for Defendant, this the _____ day of _____, 1989, to certify which witness my hand and seal of office.

———————————————————
Notary Public in and for
The State of Texas

<u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing Motion was delivered to the office of the District Attorney of Jefferson County, Texas, on the _____ day of _____, 1989.

_____
B. WARREN GOODSON, JR.

O R D E R

On this the _____ day of _____, 1989, came on to be heard the Defendant's Motion and the Court finds that said Motion is hereby (GRANTED)   (DENIED).

It is therefore ORDERED, ADJUDGED and DECREED by the Court that said Motion be (GRANTED and said cause be continued until the _____ day of _____, 1989)   (DENIED to which action of the Court the Defendant duly excepts).

SIGNED this the _____ day of _____, 1989.

_____
JUDGE PRESIDING

Exhibit 2A

COPY

NO. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE _____ DISTRICT |
| VS. | * | COURT OF |
| ALBERT LEE MASON | * | JEFFERSON COUNTY, TEXAS |

## MOTION FOR INSTRUCTED VERDICT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above styled and numbered cause and respectfully moves the Court for an Instructed Verdict and in support thereof would show the Court as follows:

I.

The State has wholly failed to prove each and every material element of the Indictment beyond a reasonable doubt.

II.

That the evidence is insufficient to support a judgment of conviction.

III.

There is fatal variance between the allegations of the Indictment and the proof as offered by the State.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully moves this Honorable Court to Instruct a Verdict of not guilty as prayed for in this Motion.

Respectfully submitted,

B. WARREN GOODSON, JR.
P. O. Drawer 12530
Beaumont, TX 77706
(409) 898-3423
TBL 08169500

ATTORNEY FOR DEFENDANT

Exhibit 28

COPY

③

𝓊

NO. 50955

THE STATE OF TEXAS          *          IN THE 252ND DISTRICT

VS.                                          *          COURT OF

ALBERT     MASON              *          JEFFERSON COUNTY, TEXAS

## MOTION TO QUASH INDICTMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above styled and numbered cause by and through his appointed attorney of record and moves the Court to Quash the Indictment in this cause and as grounds therefore would show the Court as follows:

### I.

The Defendant is charged by indictment in this cause with the offense of aggravated sexual assault. Such indictment identifies the complaining witness as "Mary Jane". The indictment makes no reference to the use of a pseudonym for the identification of the complaining witness. Identification of the complaining witness was conveyed to this Defendant by the prosecuting attorney only after this Trial Court granted a Defendant's Motion to Discover the Name of the Complaining Witness.

### II.

The use of a pseudonym, here "Mary Jane", in an indictment violates Article 21.07 Code of Criminal Procedure. Such article requires the allegation of the name of any necessary person. The complaining witness is such a necessary person.

### III.

The indictment in this cause fails to notice the Defendant on the face of the indictment that a pseudonym was used in sub-

stitution of the true name of the complaining witness. Such use of a pseudonym in an indictment without stating in the indictment a pseudonym is being used denies the Defendant his right to notice guaranteed in the due process clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Constitution of the State of Texas.

IV.

An indictment which uses a pseudonym in any form for the name of the complaining witness is insufficient in law in that it is so vague and indefinite that if the Defendant were found guilty, a judgment based upon said indictment would not be such as could be used as a plea in bar of a subsequent prosecution for the same offense.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court Quash the said indictment.

Respectfully submitted,

B. WARREN GOODSON, JR.
P. O. DRAWER 12530
BEAUMONT, TEXAS 77726-2530
(409) 898-3423
TBL 08169500

FILED FOR RECORD
at 9:15 o'clock A. M.

MAY 3 1989

JOHN S. APPLEMAN, CLERK,
District Courts of Jefferson County, Texas

By _____

300 Willow St
Beaumont Texas 77701
www.wit xed ucourts gov.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Motion was delivered to the office of the District Attorney of Jefferson County, Texas, on the 3rd day of May , 1989.

B. WARREN GOODSON, JR.

## ORDER

On this the _____ day of _____, 1989, came on to be heard the Defendant's Motion and the Court finds that said Motion is hereby (GRANTED in all things) (DENIED to which action of the Court the Defendant duly excepts).

SIGNED this the _____ day of _____, 1989.

_____
JUDGE PRESIDING

*Exhibit 2C LAB REPORT*

JEFFERSON COUNTY REGIONAL CRIME LABORATORY REPORT

1 - 2

CASE NO.: 88-19844   LABORATORY NO.:   13349

DATE OF OFFENSE:  4/08/88   DATE SUBMITTED:  4/11/88

SUSPECT: "RAY" B/M   PRODUCT: SEX OFFENSE
RAPE KIT
CLOTHING

VICTIM: JANE, MARY B/F  23YOA

SUBMITTING
OFFICER: STEWARD, GERALD   AGENCY: BEAUMONT POLICE DEPT.
JEFFERSON COUNTY

------------------------------------------------------------------

LABORATORY FINDINGS:

Exhibit "1" -

One (1) ADC additive Vacutainer tube which contained a whole
blood specimen taken from the victim.

Results:  We found the sample to be Group O.  The secretor
status of this individual was found to be Le(a+b-), a
non-secretor of blood group substances into her body
fluids.

Exhibit "2" -

One (1) microscope slide mailer which contianed four (4) slides.

Results:  We did not observe any spermatozoa on any of these
slides.

Exhibit "3" -

One (1) white cardboard box labelled, "Vag X Anal _ Oral _" which
contained two (2) cotton swabs.

The acid phosphatase activity on this swab was not
indicative of the presence of semen.

Exhibit "4" -

One (1) white cardboard box labelled, "Vag X Anal _ Oral _" which
contained two (2) cotton swabs.

__4/22/88__
DATE REPORTED   ANALYST   JSF
/DJC
CC:

CASE NO.: 88-19844

DATE OF OFFENSE: 4/08/88

SUSPECT: "RAY" B/M

LABORATORY NO.: 13349

DATE SUBMITTED: 4/11/88

PRODUCT: SEX OFFENSE
RAPE KIT
CLOTHING

VICTIM: JANE, MARY B/F 23YOA

SUBMITTING
OFFICER: STEWARD, GERALD

AGENCY: BEAUMONT POLICE DEPT.
JEFFERSON COUNTY

---

LABORATORY FINDINGS:

Results: The acid phosphatase activity on this swab was not indicative of the presence of semen.

Exhibit "5" -

One (1) white cardboard box labelled, "Vag _ Anal _ Oral X" which contained two (2) cotton swabs.

Results: This individual did not secrete ABO blood grouping substances in her body fluids.

Exhibit "6" -

Two (2) brown envelopes contianing pubic hair combings and known pubic hair samples.

Results: These hairs were collected for possible comparison purposes. Further tests may be conducted should suspect reference standards be submitted.

4/22/88
DATE REPORTED
/DJC
CC:

ANALYST        JSF

# GENERAL OFFENSE REPORT

| 1. OFFENSE # | 2. U.C.R. CODE | 3. LOG TIME | 4. ARRIVAL TIME | 5. DAY OF WEEK | 6. GRID # | 7. WILL VICTIM FILE CHARGES? |
|---|---|---|---|---|---|---|
| 88-19844 | 2a | 2300 | 2309 | FRI | | ☒ YES ☐ NO |

| 8. OFFENSE REPORTED | 9. OFFENSE LOCATION | 10. DATE AND TIME OCCURRED |
|---|---|---|
| AGG. SEXUAL ASSAULT | 1170 Pope | 04-08-88 - 2230 - 2300 HRS |

| 11. VICTIM'S NAME (Last, First, MI) | 12. DATE OF BIRTH | 13. ☐ MALE ☒ FEMALE |
|---|---|---|
| Jane Mary | 04-10-(64) | ☒ BLACK ☐ WHITE ☐ HISP ☐ OTHER |

| 14. VICTIM'S ADDRESS | APT # | CITY, STATE | ZIP | P RES 838-0722 |
|---|---|---|---|---|
| 255 College | | BMT TX | 77701 | H BUS — |

| 15. VICTIM'S OR FIRM'S BUSINESS ADDRESS | 16. OWNER OF FIRM | O RES |
|---|---|---|
| NONE | N/A | N E BUS — |

| 17. TYPE PREMISES | 18. CRIME SCENE TECHNICIAN REQUESTED ☐ NO ☒ YES |
|---|---|
| CHURCH LOT | TECHNICIAN Sue Kelly |

| 19. POINT OF ENTRY | 20. MEANS OF ENTRY | 21. A. IS THERE ANY SUSPECT INFORMATION | ☐ NO ☒ YES |
|---|---|---|---|
| N/A | N/A | B. WAS AN ARREST MADE | ☒ NO ☐ YES |

22. TYPE INSTRUMENT, WEAPON OR FORCE USED: UNKNOWN KNIFE / PHYSICAL FORCE
- C. ARE THERE WITNESSES TO THE OFFENSE ☐ NO ☒ YES
- D. CAN WITNESS. / VICTIM IDENTIFY SUSPECT(S) ☐ NO ☒ YES

| 23. WHERE TREATED | PHYSICIAN OR J.P. | 25. DATE & TIME PRONOUNCED |
|---|---|---|
| Baptist ER | STOUT | N/A |

- E. IS THERE A SUSPECT VEHICLE ☒ NO ☐ YES
- F. IS THERE PHYSICAL EVIDENCE PRESENT ☐ NO ☒ YES

26. PROPERTY / INJURY DESCRIPTION CODE: I. INJURY D. DAMAGE R. RECOVERED S. STOLEN E. EVIDENCE SEIZED
- G. IS STOLEN PROPERTY TRACEABLE ☒ NO ☐ YES
- H. IS THERE SIGNIFICANT M.O. PRESENT ☒ NO ☐ YES

| CODE | PROPERTY / INJURY | SERIAL # / EVIDENCE # | VALUE |
|---|---|---|---|
| I | Swollen left eye & cheek | | |
| I | Swollen Right cheek | | |
| I | Scratches on Right cheek | | |
| I | Small cut on upper lip | | |
| E | Rape Kit | | |
| E | Personal clothing | | |

| 27. VALUE OF PROPERTY STOLEN | 28. VALUE OF PROPERTY DAMAGED | 29. TOTAL AMOUNT OF LOSS |
|---|---|---|
| N/A | N/A | N/A |

| 30. VEHICLE SUSTAINING LOSS, DAMAGE, OR STOLEN | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| YEAR | MAKE | MODEL | BODY | COLOR | LICENSE # | STATE | YEAR | VIN # |
| | | | | | N/A | | | |

**31. NARRATIVE**

Mary Jane Reported the aggravated sexual assault against herself.

| 32. OFFICER COMPLETING REPORT | 33. BADGE # | 34. DATE & TIME COMPLETED | 35. REVIEWED BY |
|---|---|---|---|
| J. JACOBS | 222 | 04-09-88 0730 HR | J.P. Connolly |

36. DISTRIBUTION OF REPORT: ☐ YOUTH SERVICES ☐ PATROL ☐ CRIMINAL INVESTIGATION ☐ SPECIAL CRIMES ☐ INACTIVE

37. FOLLOW-UP ASSIGNED TO:

38. DISPOSITION

39. NON-CONSENT: ☒ OWNER ☐ BAILEE ☐ MANAGER ☐ TENANT ☐ OTHER

I DID NOT GIVE ANYONE PERMISSION TO COMMIT THE ABOVE DESCRIBED OFFENSE AGAINST MYSELF AND / OR PROPERTY OWNED OR UNDER MY CONTROL, AND I DO WISH TO FILE CHARGES. MY RELATIONSHIP TO THE ABOVE DESCRIBED IS:

| NAME (PRINTED) | SIGNED |
|---|---|
| MARY JANE | X Mary Jane |

| 40. SOLVABILITY FACTOR |
|---|
| TOTAL 4 |

41. C.V.C.A. ADVISED ☒ YES ☐ NO



## Counselor Review

color scheme:
0 - Windham (default)

### EA Test Information

| TDCJ No.: 01713150 | SID No.: 03865767 | NI | Name: MASON,ALBERT RAY |
|---|---|---|---|

| | | | | EA Test Information | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **TDCJ No.** | **Test Date** | **Unit** | **Level** | **Form** | **Comp** | **Read** | **Math** | **Lang** | **Invalid?** |
| 01330589 | 06/17/2008 | BY | E | 9 | 3.9 | 3.8 | 5.3 | 2.9 | N |
| 01330589 | 11/28/2005 | NH | E | 10 | 3.4 | 5.0 | 3.1 | 2.7 | N |
| 00527755 | 04/08/2004 | DO | E | 7 | 2.9 | 3.9 | 4.9 | 1.1 | N |
| 00527755 | 02/26/2002 | E2 | E | 8 | 3.9 | 3.0 | 6.0 | 2.9 | N |
| 00527755 | 10/26/2001 | E2 | E | 7 | 3.4 | 3.0 | 4.2 | 3.0 | N |
| 00527755 | 08/28/2001 | E2 | E | 8 | 3.3 | 3.3 | 4.3 | 2.4 | N |
| 00527755 | 05/29/2001 | E2 | M | 8 | 3.8 | 3.6 | 4.4 | 3.2 | N |
| 00527755 | 11/20/2000 | E2 | M | 7 | 3.9 | 3.2 | 4.7 | 3.5 | N |
| 00527755 | 06/30/1999 | E2 | M | 8 | 3.9 | 3.6 | 5.5 | 2.9 | N |
| 00527755 | 06/16/1998 | AH | E | 7 | 3.4 | 3.7 | 4.8 | 2.4 | N |
| 00527755 | 02/26/1998 | AH | E | 8 | 3.2 | 2.8 | 5.2 | 2.1 | N |
| 00527755 | 10/27/1997 | AH | E | 7 | 3.3 | 3.3 | 3.9 | 2.6 | N |
| 00527755 | 08/06/1997 | AH | E | 8 | 2.9 | 2.3 | 4.3 | 2.1 | N |
| 00527755 | 03/11/1997 | AH | E | 7 | 2.8 | 2.3 | 3.3 | 2.2 | N |
| 00527755 | 10/28/1996 | AH | E | 8 | 3.3 | 2.6 | 5.1 | 2.3 | N |
| 00527755 | 03/12/1996 | E2 | M | 6 | 3.3 | 3.3 | 4.6 | 2.3 | N |
| 00527755 | 10/31/1995 | E2 | M | 5 | 3.5 | 3.1 | 5.3 | 2.6 | N |
| 00527755 | 06/30/1995 | E2 | E | 6 | 4.7 | 3.8 | 6.0 | 4.1 | N |
| 00527755 | 03/27/1995 | E2 | E | 5 | 3.3 | 2.8 | 6.1 | 2.2 | N |
| 00527755 | 11/02/1994 | AH | E | 5 | 3.0 | 2.8 | 4.1 | 2.2 | N |
| 00970284 | 06/13/1994 | N2 | E | 6 | 3.3 | 3.0 | 5.0 | 2.4 | N |
| 00527755 | 05/02/1994 | N2 | E | 5 | 3.5 | 2.5 | 6.0 | 3.3 | N |
| 00970284 | 08/30/1993 | N2 | E | 6 | 2.7 | 2.4 | 4.0 | 1.8 | N |
| 00970284 | 05/12/1993 | N2 | E | 5 | 2.4 | 2.3 | 3.6 | 1.7 | N |



CASE: 20150141969 TDCJNO:01713150 NAME: MASON,ALBERT RAY          EA: 3.9
UNIT:HV    HSNG: H-1    10 B        JOB: CLOTHING SORTER 1ST            IO: 077
CLSS: S3  CUST: G2  PRIMARY LANGUAGE: ENGLISH    MHMR RESTRICTIONS:    NONE
GRDE: MI / KP   OFF.DATE: 01/19/15  05:15 AM  LOCATION: HV LAUNDRY
TYPE: ID

Exhibit 3B

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT HV LAUNDRY, OFFENDER: MASON,ALBERT
RAY, TDCJ-ID NO. 01713150, REFUSED OR FAILED TO TURN OUT FOR HIS WORK ASSIGNMENT
WITHOUT A LEGITIMATE REASON.

CHARGING OFFICER: DUNCAN, P. LM III                    SHIFT/CARD: 1 H

## OFFENDER NOTIFICATION

IF APPLICABLE INTERPRETER,

TIME/DATE NOTIFIED:_____ BY (PRINT) _____
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE.  YOU HAVE THE RIGHT TO SUBMIT A WRITTEN STATEMENT AND MAKE A VERBAL
STATEMENT.  DO YOU WANT TO ATTEND THE HEARING?  YES  NO     IF NO, HOW DO YOU
PLEAD?  GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE:_____  DATE: 1-22-15
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE:_____  DATE: 1-22-16

## HEARING INFORMATION

HEARING DATE:_____  TIME:_____  INTERPRETER SIGNATURE:_____
EXPLAIN BELOW IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING WEEKENDS
AND HOLIDAYS, FROM THE OFFENSE DATE:_____

OFFENDER STATEMENT:_____

OFFENSE CODES:              25.0
OFFENDER PLEA: (G, NG, NONE)|_____|_____|_____|_____|
FINDINGS:  (G, NG, DS)     |_____|_____|_____|_____|

## PUNISHMENT

LOSS OF PRIV(DAYS)_____     REPRIMAND_____
 *RECREATION(DAYS)_____     EXTRA DUTY(HOURS)_____
 *COMMISSARY(DAYS)_____     CONT.VISIT SUSP THRU ___/___/___
 *PROPERTY(DAYS).._____     CELL RESTR(DAYS)_____
 *_____(DAYS)_____
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:_____

HEARING OFFICER (PRINT)                    WARDEN

(FORM I-47MI)CONTACT A STAFF MEMBER IF YOU DO NOT UNDERSTAND THIS FORM
(REV. 04-10) COMUNIQUESE CON UN MIEMBRO DEL PERSONAL SI NO ENTIENDE ESTA FORMA

May 3 19884:45p.m

I, <u>Albert Ray Mason</u>, AFTER FIRST BEING DULY WARNED BY

<u>Det. F. Woodsmall</u>, THE PERSON TO WHOM THIS STATEMENT IS BY ME MADE THAT:

*Exhibit 3C*

1. I have the right to have a lawyer present to advise me either prior to any questioning or during questioning; and
2. That if I am unable to employ a lawyer, that I have the right to have a lawyer appointed to counsel with me prior to or during any questioning; and
3. That I have the right to remain silent and not make any statement at all and that any statement I make may and probably will be used in evidence against me at my trial or trials concerning the offense for which this statement is made; and
4. That I have the right to terminate, to stop and quit the making of this statement at any time; and
5. That I, prior to and during the making of this statement, fully understanding the rights listed above in Numbers 1 through 4, do knowingly, intelligently, and voluntarily waive the rights listed above in Numbers 1 through 4.

Having been warned of the above, of my own free will and without any promises or offers of leniency or favors, and without compulsion or persuasion by any person or persons whomsoever, I do here make the following voluntary statement.

My name is Albert Ray Mason. I am a black male 20 years old. My date of birth is 9-21-67. I am unemployed.

About a month ago, I was coming down Magnolia into Magnolia Park. A black female was walking down Magnolia. I jumped on my bike and attacked her into the bushes. I had talked to this girl before at the HALFWAY House on Avenue A. I did not know her name. I had asked her where she was going before attacking her. She said Gladys street. I convinced her to go to the disco. I grabbed her by the neck and pulled her into the bushes and beat her up. I was ~~ging~~ going to try to have sex with her but she scratched me in my face and I ran and got my bike and took off. The black girl was wearing a white dress and white heels. She is a black female with brown skin, long hair, slim build, about 23, and wears black glasses.

When I ran off, I figured she would go to the halfway house and try to get my picture.

After I did this to this girl, I couldn't sleep because I knew what I had done was wrong.

I cannot read so Det. Coffin has read the above statement to me and ~~xIxHAVExREADxTHExABOVExSTATEMENTxANDx~~ IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDG SO HELP ME GOD.

I HAVE GIVEN THIS STATEMENT VOLUNTARILY AND I HAVE NOT BEEN MADE ANY PROMISES, THREATENED OR COERCED IN ANY WAY TO MAKE THIS STATEMENT.

*Albert Ray Mason*

SWORN TO AND SUBSCRIBED BEFORE
ME ON THIS #3RD DAY OF MAY, 1988, A.D.

_Faye Woodsmall_

FAYE WOODSMALL
Notary Public
STATE OF TEXAS
My Comm. Exp. Dec. 28, 1988

88-19844
MARY
JANE